**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No.:

SEAMUS EVANS

    Plaintiff,

v.

KAST CONSTRUCTION COMPANY LLC, a Foreign
Limited Liability Company

    Defendant.

_____/

## COMPLAINT

Plaintiff, SEAMUS EVANS ("EVANS" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant KAST CONSTRUCTION COMPANY LLC ("KAST" or "Defendant"), and says:

### JURISDICTION AND VENUE

1. This action is brought against Defendant pursuant to the Families First Coronavirus Response Act ("FFCRA"), Division E – Emergency Paid Sick Leave Act ("EPSLA"), Pub. L. No. 116-127, 134 Stat. 195 (2020).

2. This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continues to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. All conditions precedent to this action have been performed or waived.

1

## PARTIES

5. EVANS is a resident of Palm Beach County, over the age of eighteen years and otherwise *sui juris*. During all times relevant to this Complaint, EVANS was employed by Defendant as an interior superintendent in Broward County, Florida.

6. Defendant is a Foreign Limited Liability Company registered to do business within Florida, with its principal place of business in Palm Beach County, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant provides construction and construction management services in the State of Florida.

8. At all times material to this Complaint, Defendant was a covered employer under the FFCRA/EPSLA because Defendant has been a private employer and has had fewer than five hundred (500) employees.

## GENERAL ALLEGATIONS

9. Plaintiff worked for Defendant as an interior superintendent from September 2019 until his termination on or about April 16, 2020.

10. Due to a death in the family on April 4, 2020, Plaintiff had to take leave for the following week to attend to the funeral and related arrangement in north Florida.

11. During the week when Plaintiff took leave, the entire State of Florida was subject to the Governor's Executive Order No. 20-91 related to COVID-19.

12. Upon Plaintiff's return to work on April 16, 2020, he was terminated at the end of the day.

13. Plaintiff was not provided any reasons for his termination, except that he was not a good fit for Defendant.

14. Defendant failed to comply with Section 5104 of EPSLA in that Defendant discharged Plaintiff for taking leave in accordance with the FFCRA/EPSLA, when Plaintiff was unable to work (or telework) due to a need for leave because he was subject to a State and local quarantine and/or isolation order related to COVID-19.

15. Defendant and its representatives knew that Plaintiff was taking leave in accordance with the FFCRA/EPSLA but decided to discharge Plaintiff upon his return. Defendant therefore willfully violated Sec. 5104 and therefore shall be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. 215(a)(3) and be subject to the penalties described in 29 U.S.C. 216.

16. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

17. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this Action pursuant to 29 U.S.C. §216(b).

## COUNT I: VIOLATION OF FFCRA/EPSLA

18. Plaintiff re-alleges and re-avers paragraphs 1 – 17 as fully set forth herein.

19. From April 6, 2020 to April 15, 2020, Plaintiff was unable to work or telework due to a need for leave because Plaintiff was subject to a State and local quarantine or isolation order related to COVID-19.

20. Plaintiff therefore qualifies for paid sick time pursuant to Sec. 5102 and may not be discharged, disciplined or in any other manner be discriminated against pursuant to Sec. 5104 of the FFCRA/EPSLA.

21. Defendant and its representatives knew that Plaintiff was taking leave in accordance with the FFCRA/EPSLA but decided to discharge Plaintiff upon his return. Defendant therefore willfully violated Sec. 5104.

22. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

23. As a result of Defendant's willful violations of the FFCRA/EPSLA, Plaintiff is entitled to liquidated damages.

24. Plaintiff has retained the undersigned firm to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendant.

WHEREFORE, Plaintiff SEAMUS EVANS requests judgment for:

a. Actual damages in the amount shown to be due for lost wage compensation due to Defendant's unlawful discharge pursuant to 29 U.S.C. § 216(b);

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 216(b);

d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

e. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, SEAMUS EVANS, hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated: May 15, 2020.

                                      **LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By:   /s/ Charles Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
chuck@icelawfirm.com
TIEXIN YANG, Esq.
Fla. Bar #1010651
tiexin@icelawfirm.com